

**FILED**
JAN 17 2012

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| DENNIS JONES, d/b/a DAKOTA RIVER RANCH, | CIV. 11-1012 |
| Plaintiff, | |
| -vs- | ORDER AND OPINION |
| MARK HAGLIN and PINE SHADOWS, INC., a Minnesota Corporation, | |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff instituted this action alleging breach of contract, tortious interference with plaintiff's business relationships, breach of a duty of loyalty, misappropriation of trade secrets, and unfair competition arising out of defendants' alleged misappropriation of plaintiff's hunting register and removal of information on plaintiff's website. Defendants move to dismiss claims of tortious interference, duty of loyalty and unfair competition (Doc. # 8), claiming that plaintiff failed to state in the complaint claims upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff subsequently dismissed the duty of loyalty claim (Doc. # 16) and also has moved to dismiss any claim of misappropriation of trade secrets (Doc. # 22). Defendants do not support the plaintiff's voluntary motion to dismiss. All motions have been thoroughly briefed.

I. BACKGROUND

A. Relevant Factual Background

Plaintiff Dennis Jones is a citizen of South Dakota. Dakota River Ranch ("DRR"), has its principle place of business in South Dakota. In the fall of 2006, Jones entered into an oral agreement with Mark Haglin, a citizen of Minnesota, to provide hunting guide services and website development and maintenance services for DRR. Defendant Pine Shadows, Inc., is a Minnesota corporation of which Haglin is the principal. Defendants provided hunting guide

1

services for DRR from the 2006 South Dakota pheasant hunting season through the 2009 season. Plaintiff alleges (1) that on or about December 3, 2009, Haglin wrongfully took the DRR shooting preserve register which contained all information concerning clients who had hunted with DRR during the 2009 season; (2) that on or about December 9, 2009, Haglin notified plaintiff that Haglin and Pine Shadows, Inc would no longer provide hunting guide services for DRR; (3) that on or about December 16, 2009, Haglin modified the DRR website without plaintiff's consent, causing the removal of all DRR contact information from the website; and (4) that DRR sustained "significant loss of income" in 2010 as the result of having to turn away hunting clients because DRR lacked the hunting register and because of Haglin's website modification.

### B.  Procedural History

This action was commenced in the Fifth Judicial Circuit of South Dakota. Defendants provided a Notice of Removal from state court on or about May 18, 2011. Defendants filed a motion to dismiss counts two, three and five (Doc. # 8) and a memorandum (Doc. # 9) in support of this motion on May 25, 2011. A memorandum (Doc. # 15) in opposition to the motion was filed by plaintiff on June 13, 2011. On June 17, 2011, plaintiff voluntarily dismissed his breach of the duty of loyalty claim (count three) citing Fed. R. Civ. P. 41(a)(1)(A)(I) (Doc. # 16). Defendants replied to plaintiff's "memorandum in opposition" on June 27, 2010 (Doc. # 18). On January 6, 2012, plaintiff filed a motion to dismiss any claim of misappropriation of trade secrets (Doc. # 22) along with a memorandum (Doc. # 23) and affidavit (Doc. # 24) in support.

### C.  Legal Standard of Review

A motion to dismiss for failure to state a claim upon which relief can be granted is proper where "it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Burton v. Richmond, 276 F.3d 973, 975 (8th Cir. 2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Thus, although a complaint need not include detailed factual allegations, a plaintiff's obligation to

2

provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Zutz v. Nelson, 601 F.3d 842, 848 (8th Cir. 2010). The court must accept the allegations of the complaint as true and construe them liberally in plaintiff's favor. Stufflebeam v. Harris, 521 F.3d 884, 886 (8th Cir. 2008); Booker v. City of St. Louis, 309 F.3d 464, 467 (8th Cir. 2002).

Plaintiff makes a Fed. R. Civ. P. 41(a)(2) motion to dismiss his own claim of misappropriation of a trade secret. This form of voluntary dismissal—meaning the plaintiff "voluntarily" initiates the process of dismissal—requires the court issue an order to effectuate the dismissal. As there is no counterclaim pending, the court has full discretion to grant or deny dismissal. See Kern v. TXO Prod. Corp., 738 F.2d 968, 970 (8th Cir. 1984). The court must ensure, however, that in dismissing the claim, no other party will "suffer some plain legal prejudice other than the mere prospect of a second lawsuit," Elbaor v. Tripath Imaging, Inc., 279 F.3d 314, 317 (5th Cir. 2002); see also Paulucci v. City of Duluth, 826 F.2d 780, 782 (8th Cir. 1987); since the purpose of Rule 41(a)(2) is to "prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." 9C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2364, at 165 (1971). In its review of district court denials of Rule 41(a)(2) motions, the Eighth Circuit considers four factors in determining whether a district court abused its discretion:

> (1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant.

Witzman v. Gross, 148 F.3d 988, 992 (8th Cir. 1998). Moreover, plaintiff "may not dismiss simply to avoid an adverse decision or seek a more favorable forum." Cahalan v. Rohan, 423 F.3d 815, 818 (8th Cir. 2005).

3

## II. DECISION

Defendants move to dismiss based on the Uniform Trade Secrets Act ("UTSA"). SDCL 37-29. The UTSA was intended to "to make uniform the law" with respect to trade secrets among the states. Id. § 37-29-8. The statute "displaces conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret," with a few select exceptions. Id. § 37-29-7(a). These exceptions include all contractual or criminal remedies asserted by plaintiff and those civil remedies "that are not based upon misappropriation of a trade secret." Id. § 37-29-7(b). The UTSA consolidates into one statutory remedy and thereby preempts all possible common law civil tort claims arising from the misappropriation of trade secrets. Defendants contend that plaintiff's claims of tortious interference and unfair competition constitute common law causes of action that stem from defendants' alleged misappropriation of trade secrets, and result in a singular UTSA remedy. This, defendants argue, requires the dismissal of these preempted claims. Plaintiff responds that if the court orders the dismissal of his misappropriation of trade secrets claim, the UTSA no longer applies to subsume the remaining claims of tortious interference and unfair competition, since a trade secret is no longer invoked by plaintiff.

Plaintiff sets forth that its attorney was mistaken in claiming that the hunters' register required to be maintained by South Dakota law was or could be a trade secret. Plaintiff seeks to dismiss any claims that the register was a trade secret. Defendants resist the motion. It is clear to the court, as a matter of law, that the register was public information required to be posted on the state government website. The register could not, therefore, be a trade secret. Moreover, plaintiff's voluntary dismissal does not result in prejudice to the defendant, since at this preliminary stage of the proceedings, little effort and expense was incurred by either side in preparing for trial, there was no excessive delay in plaintiff's prosecution of this claim, and the defendant has not filed a motion for summary judgment on any claim. Admittedly, plaintiff indicates that dismissal of this claim negates defendant's basis for dismissing the remaining claims, thereby lending support for the idea that plaintiff is dismissing the claim "simply to avoid an adverse decision," which constitutes impermissible prejudice of defendants' case. However,

4

as noted below, the disposition of the remaining claims would be unaffected by the dismissal of the misappropriation claim.

For defendants to take the physical register of plaintiff from plaintiff's place of business could constitute a conversion but there would be no violation of the UTSA. SDCL 37-29-7(b)(2) provides: "This chapter does not affect: [o]ther civil remedies that are not based upon misappropriation of a trade secret."

Neither Weins v. Sporleder (Weins I), 569 N.W.2d 16 (S.D. 1997), nor Weins v. Sporleder (Weins II), 605 N.W.2d 488 (S.D. 2000), have any application to the facts of the present case. A federal court is not bound by a matter of state procedure, *see* Guar. Trust Co. of N.Y. v. York, 326 U.S. 99, 109 (1945), and must independently decide whether or not a party should be permitted to amend a complaint or to dismiss previously claimed causes of action.

The only allegedly harmful act that is factually distinct from the alleged misappropriation of information is defendants' unauthorized removal of information from DRR's website (Compl. ¶ 12). Plaintiff argues that this act provides sufficient basis for both the tortious interference and unfair competition claim to survive a Rule 12(b)(6) motion. Defendant's response on the matter is that any "unauthorized use of information, regardless of whether that information meets the statutory definition of a trade secret," is preempted under the UTSA, presumably even if none of the facts indicate a misappropriation as defined under South Dakota law. *See* SDCL § 37-29-1(2). The problem with this argument is that there could be no misappropriation of information that is in the public domain.

Plaintiff cites a South Dakota Supreme Court case decided a year before Weins II, which provides that the UTSA does not displace a claim if the "alleged [misconduct] could have taken place whether or not a trade secret was being misappropriated." Paint Brush Corp. v. Neu, 599 N.W.2d 384, 392 (S.D. 1999). The controversy in Paint Brush arose out of a failed sale of business initiated by the defendants in the case, dealings which plaintiffs argued were a mere cover for defendants' corporate espionage whose fruits permitted the defendants to start a competing business. *See id.* at 387-88. On appeal, the Court, among other motions, reversed the trial court's grant of summary judgment in favor of the defendants on claims of deceit and breach

5

of the duty of loyalty. *Id.* at 392, 393. The Court based its decisions on rejection of defendants' arguments that these claims were precluded by the operation of South Dakota's UTSA. *Id.* The Court found that if any tort remedy can be brought independently of any claim of misappropriation of a trade secret, it no longer constitutes a "conflicting tort" that would be precluded under SDCL § 37-29-7(b)(2). *Id.* at 391-92, 393. The Court found that plaintiffs' deceit claim "could have taken place whether or not a trade secret was being misappropriated," thereby determining the UTSA did not preempt the claim on the facts averred in the evidence. *Id.* at 392.

Taking the complaint's "facts" in a light most favorable to the plaintiff, DRR had business relationships with various hunters utilizing its guided hunting service, as evidenced by the existence of the register. Defendants knew of DRR's business and customers as defendants were tasked with creating and maintaining the DRR website for DRR's business purposes and providing guided hunting services for DRR. Defendants would be unjustified in allegedly removing all of DRR's contact information from the DRR website without the consent of plaintiff. Plaintiff avers loss of income as damages, which reasonably could have resulted if clientele, potential and otherwise, were unable to contact DRR utilizing its website. These acts and the corresponding claims could have occurred whether or not the information at issue—trade secret or otherwise—was misappropriated. Thus, this court cannot find on the record before it that it appears beyond a doubt that plaintiff can prove no set of facts in support of their claims which would entitle plaintiff to monetary relief.

On the unfair competition claim, South Dakota law provides that such claims lack specific elements. Instead, the claim encompasses "a general category of torts which courts recognize for the protection of commercial interests." Setliff v. Akins, 616 N.W.2d 878, 888-89 (S.D. 2000) (citing Rehab. Specialists, Inc. v. Koering, 404 N.W.2d 301, 305-06 (Minn. Ct. App. 1987)). "[D]amages for unfair competition results [sic] from satisfying the elements of an underlying tort." *Id.* (citing United Wild Rice, Inc. v. Nelson, 313 N.W.2d 628, 632 (Minn. 1982)). One such underlying tort is the claim of tortious interference with a business expectancy. *Id.*; *see also* United Wild Rice, 313 N.W.2d at 632 ("There are at least two ways by which an

6

individual can be guilty of unfair competition: tortious interference with contractual interests and improper use of trade secrets.") Thus, as plaintiff's tortious interference claim presents genuine issues of material fact, so too does his claim of unfair competition. The motion of defendants should be denied and the motion of plaintiff should be granted.

By virtue of this order, defendants' D.S.D. Civ. LR 7.1(C) request for oral argument on this motion is hereby denied.

### III. ORDER

Based upon the foregoing,

IT IS ORDERED:

1. That defendants' motion, Doc. 8, to dismiss counts two and five of the complaint is denied; and

2. That plaintiff's motion, Doc. 22, to dismiss count four of the complaint is granted.

Dated this 13th day of January, 2012.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Barbara J. Doepke
DEPUTY
(SEAL)

7